IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

---------------------------------------------------------------------------- X
RAVYNNE GILMORE and LUCINDA COUNCIL, :
individually and on behalf of all others similarly situated, : **[JURY TRIAL DEMANDED]**
:
                          Plaintiffs, : **CIVIL ACTION NO.**
      - against - :
:
MERRILL LYNCH, PIERCE, FENNER & SMITH INC. & :
CO. and BANK OF AMERICA, N.A., :
:
                          Defendants. :
---------------------------------------------------------------------------- X

## CLASS ACTION COMPLAINT

Plaintiffs Ravynne Gilmore and Lucinda Council (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, allege, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

### NATURE OF THE CLAIM

1. This is a class action brought by former employees of Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill") and Bank of America N.A. (collectively "Defendants"), alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"); 42 U.S.C. § 1981 ("Section 1981"); the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101 *et seq.*; and the New Jersey Law Against Discrimination ("LAD") N.J.S.A. 10:5-1 *et seq.*

2. This case alleges that African Americans employed at Defendants as Financial Advisors (collectively referred to as "FAs") have received less compensation and have been promoted less frequently than their White counterparts as a result of Defendants' discriminatory policies, patterns, and/or practices, including Defendants' minimum threshold production credit requirements, lack of support, and inequitable teaming opportunities.

3. This case further alleges that African American FAs are terminated (or "wash out") from employment with Defendants at higher rates than their White counterparts, and fail to advance to more senior roles including Senior Financial Advisor and Private Wealth Manager, as a result of Defendants' discriminatory policies, patterns, and/or practices, including Defendants' minimum threshold production credit requirements, lack of support, and inequitable teaming opportunities.

4. The violations of African American employees' rights are systemic, are based upon company-wide policies and practices, and are the result of unchecked race-based bias that pervades Defendants' corporate culture. They have not been isolated or exceptional incidents, but rather the regular and predictable result of Defendants' company-wide policies and practices.

5. These company-wide policies and practices, while facially neutral, have had an adverse impact on the compensation, promotion, and terms and conditions of employment of African American employees as compared to their White counterparts.

6. Defendants have also engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against African Americans.

7. Plaintiffs bring this action in order to end Defendants' discriminatory policies and/or practices and to make themselves, and similarly situated current and former FAs, whole.

## PARTIES

8. Plaintiff Ravynne Gilmore ("Gilmore") is an African American woman who lives in Michigan. Gilmore was employed by Defendants from approximately October 2017 to January 2020 in Troy, Michigan and Warren, Michigan.

9. Plaintiff Lucinda Council ("Council") is an African American woman who lives in New Jersey. Council was employed by Merrill from approximately March 2018 to September 2019 in Paramus, New Jersey.

10. Defendant Merrill is a full service securities firm headquartered in New York, New York and doing business nationwide and within the State of Michigan.

11. Defendant Bank of America, N.A. is a nationally chartered banking association headquartered in Charlotte, North Carolina and doing business nationwide and within the State of Michigan.

## JURISDICTION AND VENUE

12. This Court has original subject matter jurisdiction over the Title VII and Section 1981 claims pursuant to 28 U.S.C. §§ 1331 and 1343 and 42 U.S.C. § 2000e–5(f)(3), because they arise under the laws of the United States and are brought to recover damages for deprivation of equal rights.

13. In addition, this Court has supplemental jurisdiction over the claims arising under the ELCRA and LAD under 28 U.S.C. § 1367, because they arise from a common nucleus of operative facts with the federal claims and are so related to the federal claims as to form part of the same case or controversy under Article III of the United States Constitution.

14. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)-(c) and 42 U.S.C. § 2000e-5(f)(3), because Defendants conduct business and can be found in this district and a substantial part of the events and omissions giving rise to the claims alleged herein occurred in this district, and because the alleged unlawful employment practice was committed here, and employment records relevant to that practice are maintained and administered here.

15. Plaintiffs have exhausted their administrative remedies and complied with all statutory prerequisites to their Title VII claims. Plaintiff Gilmore filed a charge of race discrimination individually and on behalf of all similarly situated African American FAs employed by Defendants with the Equal Employment Opportunity Commission ("EEOC") on or about October 9, 2020. Plaintiff Gilmore is requesting a Notice of Right to Sue.

16. Any and all other prerequisites to the filing of this suit have been met.

## FACTUAL ALLEGATIONS

17. Defendants maintain uniform employment, compensation, and promotion policies throughout the United States.

18. Defendants' offices throughout the country use a common organizational structure for financial services employees.

19. Defendants' nationwide pattern and practice of discrimination and against African Americans includes but is not limited to the following practices:

   (a) intentionally employing policies and practices that disproportionately disadvantage African American FAs and/or that reinforce and continue the effects of discrimination, including but not limited to policies and practices regarding leads, account distributions and teaming;

   (b) excluding African American FAs from opportunities to increase their compensation, including but not limited to refusing to include African Americans on teams;

   (c) denying African American FAs the opportunity to receive valuable account distributions and leads;

   (d) intentionally paying African Americans lower wages and/or denying African Americans opportunities to increase production-based earnings;

   (e) adopting and implementing policies and practices that have a disparate impact on African Americans; and

   (f) terminating African Americans on account of race and/or due to diminished performance and/or production that was lower than it would have been but for the unlawful conduct of Defendants.

## CLASS ACTION ALLEGATIONS

20. Plaintiffs bring the First and Second Claims for Relief pursuant to Federal Rule of Civil Procedure 23 seeking damages, injunctive, and declaratory relief on behalf of a Class of all FAs employed by Defendants in the United States at any time from October 9, 2016 through the

resolution of this action (the "Federal Class").  Plaintiffs reserve the right to amend the definition of the Federal Class based on discovery or legal developments.

21.     Plaintiff Gilmore brings the Third and Fourth Claims for Relief pursuant to Federal Rule of Civil Procedure 23 seeking damages, injunctive, and declaratory relief on behalf of a Class of all African American FAs employed by Defendants in Michigan at any time from October 9, 2017 through the resolution of this action for claims arising under the ELCRA (the "Michigan Class").  Plaintiff Gilmore reserves the right to amend the definition of the Michigan Class based on discovery or legal developments.

22.     Plaintiff Council brings the Fifth and Sixth Claims for Relief pursuant to Federal Rule of Civil Procedure 23 seeking liability-phase injunctive and declaratory relief on behalf of a Class of all African American FAs employed by Defendants in New Jersey at any time from October 9, 2018 through the resolution of this action for claims under the LAD (the "New Jersey Class").  Plaintiff Council reserves the right to amend the definition of the New Jersey Class based on discovery or legal developments.

23.     Plaintiffs are members of the Classes they seek to represent.

24.     The members of the Classes identified herein are so numerous that joinder of all members is impracticable.  As of the date of this filing, Defendants employ thousands of employees nationwide.  Upon information and belief, the size of each Class is more than 50 individuals.  Although Plaintiffs do not know the precise number of the members of the putative classes, the number is far greater than can be feasibly addressed through joinder.

25.     There are questions of law and fact common to each of the Classes, and these questions predominate over any questions affecting only individual members.  Common questions include, among others:

    (a)    whether Defendants' policies or practices discriminate against African American FAs;

    (b)    whether Defendants' policies and practices violate Title VII, Section 1981, the ELCRA and the LAD; and

    (c)    whether equitable remedies, injunctive relief, compensatory damages, and punitive damages for the Classes are warranted.

26.    Plaintiffs' claims are typical of the claims of the Classes they seek to represent.

27.    Plaintiffs will fairly and adequately represent and protect the interests of the Class Members. Plaintiffs have retained counsel competent and experienced in complex class actions, employment discrimination litigation, and the intersection thereof.

28.    Class certification is appropriate pursuant to Federal Rule of Civil Procedure 23(b)(2) because Defendants have acted and/or refused to act on grounds generally applicable to the Classes, making appropriate declaratory and injunctive relief with respect to Plaintiffs and the Classes as a whole. The Class Members are entitled to injunctive relief to end Defendants' common, uniform, unfair, and discriminatory policies and practices.

29.    Class certification is also appropriate pursuant to Federal Rule of Civil Procedure 23(b)(3) because common questions of fact and law predominate over any questions affecting only individual members of the Classes, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Class Members have been damaged and are entitled to recovery as a result of Defendants' common, uniform, unfair, and discriminatory policies and practices. Defendants have computerized account data, payroll data, and personnel data that will make calculation of damages for specific Class Members relatively simple. The propriety and amount of punitive damages are based on Defendants' conduct, making these issues common to the Class.

# CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**Intentional Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981)**
**(On Behalf of All Plaintiffs and the Federal Class)**

30. Plaintiffs incorporate the preceding paragraphs as alleged above.

31. This Claim is brought by Plaintiffs on behalf of themselves and the Federal Class they represent.

32. Defendants have engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against its African American FAs. Defendants have intentionally discriminated against Plaintiffs and the Federal Class in violation of Title VII by denying Plaintiffs and Federal Class Members promotions, compensation, and business opportunities, and terminating Plaintiffs and Federal Class Members at higher rates, because of their race.

33. The discriminatory acts that constitute Defendants' pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

34. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiffs and the Federal Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

35. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by 42 U.S.C. §§ 2000e *et seq.* and 42 U.S.C. § 1981.

36. Plaintiffs request relief as hereinafter described.

## SECOND CLAIM FOR RELIEF

**Disparate Impact Discrimination**
**(Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*)**
**(On Behalf of All Plaintiffs and the Federal Class)**

37. Plaintiffs incorporate the preceding paragraphs as alleged above.

38. This Claim is brought by all Plaintiffs on behalf of themselves and the Federal Class they represent.

39. Defendants' reliance on illegitimate and unvalidated systems and criteria to distribute business opportunities, set compensation, make termination decisions, select individuals for promotion, and determine other terms and conditions of employment have an adverse impact on African American FAs in violation of Title VII and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

40. Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

41. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiffs and the Federal Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

42. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on African Americans in violation of 42 U.S.C. §§ 2000e *et seq.*

43. Plaintiffs request relief as hereinafter described.

## THIRD CLAIM FOR RELIEF

**Intentional Discrimination**
**(ELCRA, MCL 37.2101** *et seq.***)**
**(On Behalf of Plaintiff Gilmore and the Michigan Class)**

44.   Plaintiff Gilmore incorporates the preceding paragraphs as alleged above.

45.   This Claim is brought by Plaintiff Gilmore on behalf of herself and the Michigan Class.

46.   Defendants have engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against African American FAs.  Defendants have intentionally discriminated against Plaintiff Gilmore and the Michigan Class in violation of ELCRA by denying Plaintiff Gilmore and Michigan Class Members promotions, compensation, and business opportunities, and terminating Plaintiff and Michigan Class Members at higher rates because of their race.

47.   The discriminatory acts that constitute Defendants' pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

48.   As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiff Gilmore and the Michigan Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

49.   The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by MCL 37.2101 *et seq*.

50.   Plaintiff Gilmore requests relief as hereinafter described.

## FOURTH CLAIM FOR RELIEF

**Disparate Impact Discrimination**
**(ELCRA, MCL 37.2101** *et seq.***)**
**(On Behalf of Plaintiff Gilmore and the Michigan Class)**

51.   Plaintiff incorporates the preceding paragraphs as alleged above.

52. This Claim is brought by Plaintiff Gilmore on behalf of herself and the Michigan Class she represents.

53. Defendants' reliance on illegitimate and unvalidated systems and criteria to distribute business opportunities, set compensation, make termination decisions, select individuals for promotion, and determine other terms and conditions of employment have an adverse impact on African American FAs in violation of the ELCRA and are not, and cannot be, justified by business necessity. Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

54. Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

55. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiff Gilmore and the Michigan Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

56. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on African Americans in violation of MCL 37.2101 *et seq.*

57. Plaintiff requests relief as hereinafter described.

### FIFTH CLAIM FOR RELIEF

**Intentional Discrimination**
**(LAD, N.Y. N.J.S.A. 10:5-1 *et seq.*)**
**(On Behalf of Plaintiff Council and the New Jersey Class)**

58. Plaintiff Council incorporates the preceding paragraphs as alleged above.

59. This Claim is brought by Plaintiff Council on behalf of herself and the New Jersey Class.

60. Defendants have engaged in an intentional, company-wide, and systematic policy, pattern, and/or practice of discrimination against African American FAs. Defendants have intentionally discriminated against Plaintiff Council and the New Jersey Class in violation of the LAD by denying Plaintiff Council and New Jersey Class Members promotions, compensation, and business opportunities, and terminating Plaintiff and New Jersey Class Members at higher rates because of their race.

61. The discriminatory acts that constitute Defendants' pattern and/or practice of discrimination have occurred both within and outside the liability period in this case.

62. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiff Council and the New Jersey Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

63. The foregoing conduct constitutes illegal, intentional discrimination and unjustified disparate treatment prohibited by N.J.S.A. 10:5-1 *et seq*.

64. Plaintiff Council requests relief as hereinafter described.

## SIXTH CLAIM FOR RELIEF

**Disparate Impact Discrimination**
**(LAD, N.J.S.A. 10:5-1 *et seq*.)**
**(On Behalf of Plaintiff Council and the New Jersey Class)**

65. Plaintiff incorporates the preceding paragraphs as alleged above.

66. This Claim is brought by Plaintiff Council on behalf of herself and the Class she represents.

67. Defendants' reliance on illegitimate and unvalidated systems and criteria to distribute business opportunities, set compensation, make termination decisions, select individuals for promotion, and determine other terms and conditions of employment have an adverse impact on African American FAs in violation of the LAD and are not, and cannot be,

justified by business necessity.  Even if such system and/or policies could be justified by business necessity, less discriminatory alternatives exist and would equally serve any alleged necessity.

68. Defendants have maintained these discriminatory policies, patterns, and/or practices both within and outside the liability period in this case.

69. As a direct result of Defendants' discriminatory policies and/or practices as described above, Plaintiff Council and the New Jersey Class have suffered damages including, but not limited to, lost past and future income, compensation, and benefits.

70. The foregoing policies, patterns, and/or practices have an unlawful disparate impact on African Americans in violation of N.J.S.A. 10:5-1 *et seq*.

71. Plaintiff requests relief as hereinafter described.

## ALLEGATIONS REGARDING RELIEF

72. Plaintiffs and the Classes they seek to represent have no plain, adequate, or complete remedy at law to redress the wrongs alleged herein, and the injunctive relief they seek in this action is the only means of securing complete and adequate relief. Plaintiffs and the Classes they seek to represent are now suffering, and will continue to suffer, irreparable injury from Defendants' discriminatory acts and omissions.

73. Defendants' actions have caused and continue to cause Plaintiffs and all Class Members substantial losses in earnings and other employment benefits.

74. In addition, Plaintiffs and Class Members suffer and continue to suffer emotional distress all to their damage in an amount according to proof.

75. Defendants performed the acts herein alleged with malice or reckless indifference. Plaintiffs and Class Members are thus entitled to recover punitive damages in an amount according to proof.

**PRAYER FOR RELIEF**

76. WHEREFORE, Plaintiffs and the Class pray for relief as follows:

   (a) Certification of the case as a class action on behalf of the proposed Classes;

   (b) Designation of Plaintiffs Ravynne Gilmore and Lucinda Council as representatives of the Classes they seek to represent;

   (c) Designation of Plaintiffs' counsel of record as Class Counsel;

   (d) A declaratory judgment that the practices complained of herein are unlawful and violate Title VII, Section 1981, the ELCRA, and the LAD.

   (e) A preliminary and permanent injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in policies, patterns, and/or practices that discriminate against Plaintiffs or the Classes because of their race or participation in this lawsuit;

   (f) An order that Defendants institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees regardless of race, and that it eradicate the effects of their past and present unlawful employment practices;

   (g) An order requiring Defendants to develop and institute accurate and validated standards for evaluating performance, assigning opportunities, and determining compensation;

   (h) An order retaining jurisdiction over this action to ensure that Defendants complies with such a decree;

   (i) An order restoring Plaintiffs and Class Members to their rightful positions at Defendants, or in lieu of reinstatements, an order for front pay benefits;

   (j) Back pay (including interest and benefits) for the Plaintiffs and Class Members;

   (k) All damages sustained as a result of Defendants' conduct, including damages for emotional distress according to proof;

   (l) Exemplary and punitive damages in an amount commensurate with Defendants' ability to pay and to deter future conduct;

   (m) An appropriate service payment to Plaintiffs for their service as Class representatives;

(n) Costs incurred herein, including reasonable attorneys' fees to the extent allowable by law;

(o) Pre-judgment and post-judgment interest, as provided by law; and

(p) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## JURY DEMAND

77. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Respectfully submitted,<br>
PITT, MCGEHEE, PALMER, BONANNI & RIVERS P.C.

By: */s/ Megan A. Bonanni*
Megan A. Bonanni P52079
117 West 4th Street Suite 200
Royal Oak, MI 48067
Telephone: (248) 398-9800
mbonanni@pittlawpc.com

Adam T. Klein
Nantiya Ruan*
Chauniqua D. Young*
Maya S. Jumper*
Michael Danna*
OUTTEN & GOLDEN LLP
685 Third Avenue, Floor 25
New York, New York 10017
Telephone: (212) 245-1000

SHAVITZ LAW GROUP, P.A.
Gregg I. Shavitz*
Paolo Meireles*
951 Yamato Rd. Suite 285
Boca Raton, Florida 33431
Telephone: (561) 447-8888
***Attorneys for Plaintiffs and the Putative Classes***

*Pro hac vice* application forthcoming